Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>BENJAMÍN LÓPEZ ACEVEDO<br><br>Peticionario | KLCE202500224 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>A BD2024G0095<br><br>Sobre:<br>Artículo 195 (Escalamiento Agravado) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2025.

Comparece el señor Benjamín López Acevedo (señor López Acevedo o peticionario) vía *certiorari* y solicita que revoquemos la Resolución del Tribunal de Primera Instancia, Sala superior de Aguadilla, emitida el 13 de febrero de 2025. En dicho dictamen, se denegó reducir la pena impuesta contra el peticionario al amparo del Artículo 67 del Código Penal, 33 LPRA sec. 5100. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

Vale recordar que el auto de *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar a su discreción una decisión de un tribunal inferior, sea en los errores de derecho procesal o de derecho sustantivo. *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020). La función de un tribunal apelativo frente a la revisión de

controversias a través de un *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción, por lo que en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no procede intervenir con las determinaciones del Tribunal de Primera Instancia. *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Zorniak Air. Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). A su vez, las Reglas 193 a 217 de las *Procedimiento Criminal* y la Regla 40 *del Tribunal de Apelaciones* establecen los criterios a tener en cuenta en el ejercicio discrecional de expedir tal auto. Reglas 193-217 de Procedimiento Criminal (34 LPRA Ap. II); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por otro lado, el *Reglamento del Tribunal de Apelaciones* requiere que el cuerpo de un recurso de *certiorari* incluya, en lo pertinente a nuestra presente decisión: (1) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal de Apelaciones; (2) una relación fiel y concisa de los hechos procesales y materiales del caso; (3) un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia; y (4) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Regla 34 del Tribunal de Apelaciones, *supra*. Al mismo tiempo, el peticionario deberá incluir un Apéndice en la presentación de su recurso, tal como la decisión del Tribunal de Primera Instancia cuya revisión se solicita y toda resolución, orden o moción que forme parte del expediente del foro primario y en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta. Íd.

No obstante, el foro apelativo podrá permitir, a solicitud de la parte peticionaria, en moción o *motu proprio*, la presentación de los documentos del Apéndice en una fecha posterior, dentro de un término de quince (15) días contados a partir de la fecha de notificación de la resolución que autoriza tal presentación. Íd.

En el presente caso, el señor López Acevedo erró al presentar su recurso de *certiorari* de una manera incompleta. Excepto por la *Resolución* recurrida y una extremadamente breve referencia a la alegada aplicabilidad del Artículo 67 del Código Penal, *supra*, por no haberse llegado a un juicio en su fondo en el caso en el cual fue convicto, el peticionario omitió presentar algún documento, argumento, fundamento, cita legal o señalamiento de error que pondría a este Tribunal en posición para evaluar la controversia en sus méritos y emitir un dictamen basado en una fuente completa de información. Por tanto, ante la insuficiencia de información sobre la controversia presentada ante este Tribunal, carecemos de la facultad jurisdiccional para expedir y revisar el auto de *certiorari*.

Por los fundamentos expuestos, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones